## Case No. 1,606a.

### BOKER v. REDFIELD.

[40 Hunt, Mer. Mag. 705.]

Circuit Court, S. D. New York. 1859.

CUSTOMS DUTIES—WAIVER OF OBJECTION—SIMILAR ARTICLES.

[1. The provision of the tariff act of August 30, 1842 (5 Stat. 564), that when an appraisement is made upon an increased valuation, and not on that in the invoice, the appraiser shall view the property, and that if he does not do so, and the importer pays the duty under protest, the latter can recover it back, is intended for the benefit of the importer, and is waived by failure to protest.]

[2. The law requires that the importer shall specifically and distinctly state in his protest the ground of objection to the payment of the duties, and a recovery thereof can only be had by the importer on the ground stated.]

[3. Under the provision of the tariff act of August 30, 1842 (5 Stat. 565), that there shall be levied on each non-enumerated article which bears a similitude, either in material, quality, or texture, or the use to which it may be applied, to any enumerated articles chargeable with duty, the same rate of duty which is levied and charged on the enumerated article which it most resembles in any of the particulars mentioned, it is not contemplated that non-enumerated articles should in every particular bear a similitude to an enumerated article.]

At law. Action by John G. and J. Boker against Heman J. Redfield, collector, etc., to recover back certain duties on importations of brandy and gutta percha paid under protest, and alleged to have been illegally levied. The jury found for the plaintiffs on the gutta percha, and for the defendant on the brandy.]

INGERSOLL, District Judge (charging the jury). The plaintiff or plaintiffs in this case some time ago paid a certain amount of money for duties upon an importation of brandy, and also for duties upon an importation of a quantity of gutta percha. A greater valuation was put upon the brandy at the custom-house than was contained in the invoice, and the duties assessed upon that increased valuation of the brandy, were paid by the plaintiffs. The claim upon the part of the plaintiffs is that that increased valuation was not made according to law; that the money received by the collector from them was unlawful, and that they have a right to recover it back. The claim, so far as regards the gutta percha is, that it was by law liable to a duty of only 10 per cent.; that the collector imposed upon it a duty of 20 per cent.; and the object is to recover back from the collector that additional duty of 10 per cent. which it is claimed was illegally exacted.

I will first turn your attention to the question arising upon the duties paid upon the brandy. Where an appraisement is made upon an increased valuation from that put in the invoice, the law provides that the appraiser shall view the property—and the importer has a right to insist upon it; and if he does insist upon it, and the appraiser raises the duty without viewing the property, the importer has a right to complain. And if he pays the duty upon the increased valuation, and makes his protest, he can recover it back. This provision of law is made for the benefit of the importer, and so far as it is of benefit to him, he can waive it; and if he does waive it, he cannot afterwards say that the requirements of law have not been complied with. In this respect, so far as the brandy is concerned, these requirements of law were not complied with. There was an increased valuation, and the duties on the increased valuation to the amount of $333.56 were collected. But the importer cannot be permitted to say that the property was not viewed by the appraiser, unless he has made a protest to that effect. He is confined to his protest. If there has been an illegal exaction, still the importer cannot complain about it unless he file at the time of the payment, or before the payment, the protest such as is prescribed by law, which protest is a statement in writing, setting forth distinctly and specifically the ground of objection to the payment of the duties. And the construction that I put upon this protest in this case is not that the appraiser did not view the brandy, but the specific objection is that he did not either examine said brandy in casks, nor samples of one cask in ten. And if one cask in ten was examined by samples, and if before this appraisement was made it was examined by samples of one at least in ten in this particular case—if that took place, then the importer cannot recover back the amount paid. So that if you should be of the opinion that, before this appraisement was made, this brandy was examined by samples, at least one sample in ten packages, the plaintiffs could not recover back the amount of duty, even though it may have been illegally exacted. The law prescribes that the importer should set forth in his protest the reasons why he objects to the proceedings of the appraiser; and the reasons in this protest are that he did not examine by sample one sample in ten of the packages, and if the appraiser did not so examine it, then there can be no recovery back of the amount paid. Whether the appraiser has or has not, depends upon the testimony of the witnesses from the custom house, who have been examined before you.

The other items are for an excess of duties paid on the importation of gutta percha by three several importations. You need not trouble yourselves about the protest so far as it respects gutta percha. If the collector had no right to impose a greater duty than 10 per cent., and as he did impose 20 per cent. upon it, in such a case as that the plaintiffs would have a right to recover this 10 per cent. back; and the question resolves into this: What rate of duty was this gutta percha liable to? When the tariff law of 1846 [9 Stat. 42] was passed, congress enumerated all the principal articles upon which duties were to be paid; that is, of such articles as were known to them. India rubber and its uses were known to them at that time; and therefore they imposed upon it a duty of 10 per cent. Gutta percha and its uses were not known to them at that time; therefore they could put no specific duty upon it. But it had been provided in the act of 1842 [5 Stat. 548] that, where certain non-enumerated articles were introduced into the country, they should pay a duty according to a rule which was laid down in that act of congress of 1842. Gutta percha was not introduced into this country until 1847; and the rule is that non-enumerated articles, which are not similar in any respect to any enumerated articles, pay a duty, according to act of congress of 1846, of 20 per cent. But according to this provision of the act of congress of 1842, it is provided that there shall be levied and collected and paid on each and every non-enumerated article which bears a similitude, either in material, quality, or texture, or to the use to which it may be applied, to any enumerated articles chargeable with duty, the same rate of duty which is levied and

charged on the enumerated article which it most resembles in any of the particulars above mentioned.

And the question is whether there is within the meaning of this law a similitude between India rubber and gutta percha, either in quality, material, texture or the uses to which they are applied; and if there is within the meaning of this law such similitude, then it follows that gutta percha was subject only to a duty of 10 per cent. The plaintiffs claim that there is this similitude, not only in the use to which it is applied, but also in the material itself. Both India rubber and gutta percha come from the gum or sap of trees. They are both imported from foreign countries, and when vulcanized they are both applied to similar uses; they are made into coats and other articles. After they are hardened by the vulcanizing process, they are made into combs, canes, pencil-cases, knives and forks, picture frames, and every thing of that kind to which a hardened substance is adapted. This law of congress did not contemplate that the non-enumerated articles should, in every particular, bear a similitude to an enumerated article. The law is, that there shall be levied, collected, and paid on each and every non-enumerated article which bears a similitude, either in material, quality or texture, or the use to which it may be applied, to any enumerated article chargeable with duty, the same rate of duty which is levied and charged on the enumerated articles which it most resembles in any of the particulars above mentioned. And when there is such a similitude, the same duties are assessed on non-enumerated articles as are assessed on an enumerated article which they most resemble. There is no evidence in this case that there is any similitude between gutta percha in the use to which it is applied, and any enumerated article except India rubber. You are, therefore, to determine whether this gutta percha has a substantial similarity either in its material, quality, texture, or the use to which it may be applied, to India rubber; and if it has, it will follow that it was subject to a duty of 10 per cent., and consequently that there was an excess of 10 per cent. received by the collector, which he was not authorized to receive. You need not trouble yourselves with the amount. I will instruct you to call your attention to two question: First, whether, under the instructions I have given you, you find for the plaintiff on the importation of the brandy or for the defendant; and then you are to determine whether you find for the plaintiff or defendant on the claim made for the excess of duty paid on the gutta percha. If you find for the plaintiff on either of these two claims, the amounts can be ascertained by a reference, etc.